Date signed October 24, 2006



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In Re: | * | |
| KERRI M. MISKIMON | * | Case No.   06-12813DK |
| | * | Chapter   7 |
| | * | |
| | * | |
| Debtor | * | |

## MEMORANDUM OF DECISION

Before the court for consideration is the debtor's Motion for Reconsideration of Order Denying Motion to Reopen Case to File Financial Management Certificate (hereinafter, the "Motion for Reconsideration". The debtor commenced this case by the filing of a voluntary petition under Chapter 7 of the United States Bankruptcy Code on May 17, 2006. After conducting a Meeting of Creditors as required by 11 U.S.C. § 341,[1] the Trustee filed a report of No Assets for Distribution. On July 6, 2006, the Clerk filed a certification that debtor had complied with all of the filing requirements under Section 521(a)(1). The bar date for filing of complaints objecting to discharge as set by Federal Rule of Bankruptcy Procedure 4004(c) and noticed by the Notice of Meeting of Creditors filed May 18, 2006, expired at midnight on August 21, 2006. Had this case been a case filed before the effective date of the recent amendments to the Bankruptcy Code created

---

[1] Hereinafter references to sections of Title 11 of the United States Code shall be referred to as "Section."

by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereinafter "BAPCPA"), a discharge would have been entered in favor of the debtor forthwith, as required by Rule 4004(c)(1), and the case thereafter closed.

However, pursuant to Section 727(a)(11), as added to the Code by BAPCPA, the court shall not grant to the debtor a discharge if a debtor has failed to complete the instructional course concerning personal financial management described in Section 111 (with exceptions not applicable to this case). Pursuant to Interim Rule 1007,[2] the debtor shall file the required statement regarding completion of a course in personal financial management within 45 days after the first date set for the meeting of creditors. On May 18, 2006, the Clerk filed a Notice of Requirement to File a Statement of Completion of Course in Personal Financial Management (Official Form 23) which notice was transmitted by electronic e-mail to counsel for the debtor and mailed by first-class mail to the debtor.[3] In this case, the last day for filing of the certificate would have been August 6, 2006. However, that date fell on a Sunday and therefore the notice informed the debtor that the last date to file the certificate was Monday, August 7, 2006.

The debtor did not file the required certificate of completion of the course in personal financial management and on August 22, 2006, the Clerk of Court closed the bankruptcy case without entry of a discharge, all other administration of the case having been completed. On September 27, 2006, the debtor filed a motion to reopen the Chapter 7 case to allow the debtor to file a certificate of completion of a course on personal financial management. In that motion, the

---

[2] Amendments to the Federal Rules of Bankruptcy Procedure required by the enactment of BAPCPA were approved and promulgated by the Judicial Conference of the United States as interim rules and adopted by the United States Bankruptcy Court for the District of Maryland by Administrative Order 05-02.

[3] The Debtor in the Motion for Reconsideration does not dispute that the notice was received by debtor and debtor's counsel.

2

debtor also requested that no fee be required of the debtor for reopening the case and no fee accompanied the motion.

On October 3, 2006, this court entered an Order denying the motion to reopen, without prejudice. In that Order the court noted that the court could not waive the fee required for the motion to reopen to allow the debtor to file the certificate. On October 16, 2006, the debtor, by counsel,[4] filed the Motion for Reconsideration.

In the Motion for Reconsideration, the debtor argues that the court erred in denying the motion to reopen in that the court had the authority to waive the fee to reopen and the court should have exercised that authority and allowed the debtor to reopen the case without paying the fee. For the reasons set forth hereinafter, the court denies the Motion for Reconsideration, again without prejudice to a Motion to Reopen Case if the required fee is paid.

As recited in the Motion for Reconsideration, the requirement of the payment of a fee for reopening a closed bankruptcy case is prescribed by the Judicial Conference of the United States in the Bankruptcy Court Miscellaneous Fee Schedule, appearing as an Appendix to 28 U.S.C. § 1930. Part (11) of the Appendix requires payment of fees for reopening cases. Generally, the court must collect the same fee upon filing a motion to reopen as would be collected for the filing of a new case. However, no fee is due if the reopening is either to correct an administrative error, or to file an action "related to the discharge."[5] The Appendix further provides that the court may waive this fee under appropriate circumstances.

In the Motion for Reconsideration, the debtor first argues that the court erred in stating that

---

[4] Attorney Brett Weiss joined attorney Nathan D. Willner as co-counsel for the debtor in the bringing of this motion.

[5] Although the total fee due for filing of a Chapter 7 case increased to $299.00 for cases filed on or after April 9, 2006, the Judicial Conference at its March 2006 Session, deferred raising the fee to reopen a case and a fee for such motion remains at $220.00.

3

it could not waive the fee required for a motion to reopen to allow the debtor to file the certificate. The debtor argues that because BAPCPA added subsection (f) to 28 U.S.C. §1930 which addition authorized the bankruptcy court to waive filing fees in cases under Chapter 7, including fees prescribed by the Judicial Conference under subsection (b), the court may waive the fee for reopening the case. In addition, the debtor points to language contained in the Appendix to 28 U.S.C. § 1930 which lists fees prescribed by the Judicial Conference. In part (11) of that Appendix, it is stated: "the court may waive this fee [the required fee for reopening the case] under appropriate circumstances, or may defer payment of the fee upon trustee's pending discovery of additional assets." The debtor asserts that these two sections constitute authority to the court to waive the fee for reopening under appropriate circumstances. As to this reading of these provisions, the court finds the debtor is correct and that to the extent that the court's denial of the motion to reopen without payment of fee was based upon a finding that the court had no such authority, the court was in error.

      However, the question then arises as to whether debtor's circumstances warrant a waiver of the reopening fee. As admitted by the debtor, the circumstances presented in the case before the court, "indeed, are presented in virtually all cases where the debtor fails to timely complete a credit management course, files a motion to reopen to file the certificate, and no creditor objects." Motion for Reconsideration, at p.3. The debtor then goes on to argue the importance of a discharge to the debtor and concludes that the court should grant a waiver of the fee to reopen in cases where the debtor might have qualified for a waiver of the filing fee for the petition which began the bankruptcy case.[6] In this case, although the debtor now argues that debtor would have been

---

    [6] 28 U.S.C. § 1930 (f)(1) empowers the court to grant an application to file the petition in bankruptcy without paying the filing fee, provided that it is determined that the individual debtor has income less than 150% of the income official poverty line applicable to a family of the size involved, "and is unable to pay that fee in installments." In other words, the test of 150% of the

4

qualified to ask for a waiver of the filing fee for the petition, the debtor did not apply to file *in forma pauperis* and did pay the full filing fee when the petition was filed instituting the bankruptcy case.

The court rejects the debtor's argument that the court should conclude that there are appropriate circumstances to waive the reopening fee in all cases in which the debtor seeks to reopen to file the missing certificate of completion of course on personal financial management. The court also rejects a *per se* granting of such waiver in cases in which the debtor's income would have made the debtor eligible to apply (but not necessarily to have succeeded) for a waiver of the filing fee at the outset of the bankruptcy case. Rather, the court concludes that the waiver must be determined from the specific facts of each case.

In this case the debtor fails to provide facts which would justify a waiver. Much like the facts in the reported opinion in the case of *In re Knight*, __ B.R. __, 2006 WL 2548489 (Bankr. D. Idaho 2006), the Motion for Reconsideration is completely devoid of information explaining why the debtor did not complete the course on financial management and file the certificate within the time allotted. The debtor also provides no other facts justifying a waiver. As Chief Judge Myers states in the opinion in the *Knight* case, "the burden is on the debtor." Id. at *3. As in the *Knight* case, the instant debtor was represented by capable and knowledgeable attorneys familiar with the BAPCPA-revised Code and Interim Rules. No explanation is given as to why debtor failed to comply with these provisions.

The debtor's second argument is that the motion to reopen was within the exemption to the fee "for actions related to the debtor's discharge." The debtor argues that the debtor is unable to

---

poverty line is not one which entitles the debtor to file without payment of the fee but rather limits the court's authority to grant such waivers to cases in which the debtor's income is less than the 150% of poverty line benchmark.

5

obtain a discharge until the certificate is filed and therefore the reopening of the case to permit the filing of the certificate is reopening the case for an action related to the debtor's discharge.

The Judicial Conference Fee Compendium II (2003) provides an explanation that this exemption to the reopening fee has two sources. Historically, under the Bankruptcy Act of 1898, creditors often ignored a debtor's discharge and brought suit thereafter in state court to collect discharged debts. When the state court failed to recognize the discharge, the debtor was required to return to the bankruptcy court and pay a fee before asking for the injunction of the discharge to be enforced. The exemption from the fee was approved by the Judicial Conference to allow the debtors to move to initiate proceedings to enforce the discharge without payment of fee.

Secondly, the exception is applicable where the motion to reopen seeks to file a complaint to determine whether or not a particular debt was dischargeable and therefore discharged by the injunction of discharge. Fee Compendium, fn. 250.

The basis for debtor's motion to reopen without payment of the fee falls within neither of these two reasons. In addition, the Judicial Conference by action at its meeting on September 19, 2006, amended paragraph 11 of the Bankruptcy Court Miscellaneous Fee Schedule to clarify the two situations in which the exemption for reopening the fee for actions related to the debtor's discharge is applicable. That clarification expressly states that the fee does apply to requests to reopen cases in which the court did not enter a discharge.[7] As it is the Judicial Conference, in accordance with the authority bestowed upon the Conference by 28 U.S.C. § 1930(b), that determines the fee for reopening cases, it is also the Conference that determines exemptions from that fee. The debtor's argument that the "related to discharge" exemption, for fees reopening bankruptcy cases, applies to a motion to reopen to file a certificate of completion of a course in

---

[7] Preliminary Report Judicial Conference Action September 19, 2006, page 2.

financial management, is clearly incorrect and must fail.

      For these reasons, the court will enter an Order Denying Debtor's Motion to Reconsider the Court's Order which denied the Debtor's Motion to Reopen, Without Payment of Fee. As with the Order which denied the Motion to Reopen, the Order to be entered by this Court in conformity with this Memorandum of Decision shall be without prejudice to the debtor filing a new Motion to Reopen, accompanied by payment of the required fee.

cc:    Debtor
       Brett Weiss, Esq.
       Nathan D. Willner, Esq.
       Trustee
       U.S. Trustee

**End of Order**